UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ROBLES,<br><br>               Plaintiff,<br>v.<br><br>ALLY BANK,<br><br>               Defendant. | Case No.: 12cv01013 AJB (MDD)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND THIRD-PARTY CLAIM<br><br>(Doc. No. 11) |

Presently before the Court is Defendant Ally Bank's ("Defendant") motion for leave to file a counterclaim and third-party against Plaintiff Antonio Robles ("Plaintiff") and Letitia Robles.[1] (Doc. No. 11.) Plaintiff filed an opposition on December 10, 2012, (Doc. No. 18), and Defendant filed a response on December 27, 2012, (Doc. No. 20). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for January 17, 2013 is hereby vacated. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## *BACKGROUND*

This case arises out of the alleged unfair debt collection practices of Defendant. On or about February 15, 2007, Plaintiff purchased a used 2007 GMAC Yukon (the "Vehicle") from Moreno Valley Pontiac GMC (the "Dealer"). (Doc. No. 11.) To finalize the purchase of the Vehicle, Plaintiff signed a written retail installment contract ("Installment Contract"), whereby Plaintiff agreed to make one

---

[1] Ally Financial, Inc. was erroneously sued as Ally Bank.

1  payment in the amount of $1,500.00 on or before March 8, 2007, and sixty (60) monthly payments of
2  $798.00 beginning on April 1, 2007, continuing every month thereafter.  (*Id*.)  The Dealer subsequently
3  assigned its rights under the Installment Contract to Defendant.  (*Id*.)

4  Subsequently, but sometime before July 2008, Plaintiff allegedly fell behind in making payments
5  on the Installment Contract.  (Doc. Nos. 1, 11.)  Thereafter, in 2010 and 2011, Defendant contacted the
6  Marine Corps Air Station in Miramar, California—Plaintiff's place of employment at that time—in an
7  attempt to collect the alleged debt.  (Doc. No. 1 ¶ 22.)  Although Plaintiff made several requests not to
8  be called at work, Defendant allegedly continued to call his place of employment, and divulged
9  Plaintiff's personal information to third parties.  (*Id*. at ¶ 25.)

10  On or about March 29, 2012, Defendant called Plaintiff's current Marine Corps base and place
11  of employment.  (*Id*. at ¶ 33.)  During that telephone conversation, Defendant spoke to a third party,
12  requested Plaintiff's commanding officer's information, and informed the third party that Plaintiff would
13  be served with a lawsuit at the Marine base where Plaintiff worked.  (*Id*.)  That same day, during a
14  subsequent telephone conversation between Plaintiff and Defendant, Defendant informed Plaintiff how
15  his current work telephone number had been obtained, and admitted to disclosing Plaintiff's personal
16  private financial information to a third party.  (*Id*. at ¶ 41.)  Two days later, on March 30, 2012,
17  Defendant twice called Plaintiff's place of employment, each time divulging Plaintiff's personal
18  information to his co-workers and threatening to contact Plaintiff's Commanding Officer.  (*Id*. at ¶ 46.)
19  Plaintiff's co-workers asked Defendant to stop calling Plaintiff's place of employment during each call.
20  (*Id*. at ¶ 55.)  On or about April 4, 2012, Plaintiff alleges Defendant's agent, Camping Companies
21  ("Camping Co."), faxed a document to the Yuma Marine Corp Air Station Law Center, thereby again
22  divulging Plaintiff's private information.  (*Id*. at ¶ 65.)

23  Plaintiff filed the instant action on April 24, 2012.  (Doc. No. 1.)  The Complaint alleges that
24  Defendant engaged in unfair debt collection practices in connection with Plaintiff's obligations under
25  the Installment Contract by calling Plaintiff's place of employment in 2010, 2011, and 2012.  Specifi-
26  cally the Complaint alleges: (1) violation of the Rosenthal Fair Debt Collection Practices Act
27  ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32; (2) invasion of privacy and intrusion into private
28  affairs; (3) public disclosure of private facts; (4) negligence; (5) tort in se; and (6) negligent training and

supervision. The Complaint seeks actual damages, statutory damages, and attorneys' fees and costs. (*Id.*) On October 26, 2012, Defendant filed the instant motion seeking leave to file a counterclaim and third-party claim against Plaintiff and Letitia Robles. The counter-claim seeks to include the following causes of action: (1) breach of contract (Installment Contract); (2) claim and delivery of personal property; (3) injunctive relief; and (4) indebtedness for money. (Lodgment No. 12-1.)

## *DISCUSSION*

Defendant's argument in support of the instant motion is two-fold. First, pursuant to Federal Rule of Civil Procedure Rule 14 and 15, Defendant contends leave to file a counterclaim and third-party claim should be "freely given when justice so requires," and is in the "sound discretion of the court." Fed. R. Civ. P. 15(a)(2); *Southwest Admin., Inc. v Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). Second, and more applicable to the instant motion, Defendant argues (1) the counterclaim and third-party claim is compulsory and must be allowed to proceed under principles of res judicata; (2) adjudication of the claims in one forum will avoid a multiplicity of suits; and (3) the motion should be granted for lack of bad faith or delay.

Alternatively, Plaintiff moves to dismiss Defendant's state law counterclaims and third-party claims on the basis that (1) the court lacks subject matter jurisdiction under Rule 12(b)(1); (2) the claims are permissive rather than compulsory; (3) the court lacks supplemental jurisdiction to adjudicate the permissive claims; and (4) even if the court has supplemental jurisdiction over the claims, the court should decline to exercise supplemental jurisdiction because allowing the claims would have a chilling effect on the very consumers the FDCPA was designed to protect.

The Court will conduct three successive inquiries to properly consider the instant motion: first, whether Defendant's claims are compulsory or permissive; second, whether the Court has supplemental jurisdiction over the claims; and third, whether the court should, in its discretion, exercise supplemental jurisdiction over Defendant's claims. Each will be discussed in turn.

**I.      Defendant's Counterclaims and Third-Party Claims are Permissive**

As a preliminary matter, the parties dispute whether Defendant's counterclaims and third-party claims are compulsory or permissive. Defendant argues the claims are compulsory because they arise out of the same transaction or occurrence. Specifically, Defendant contends Plaintiff's FDCPA action

and the instant counterclaims and third-party claims both concern the same debt Defendant allegedly attempted to collect by calling Plaintiff's workplace.  Moreover, Defendant argues any defenses it may have to the instant federal complaint, such as unclean hands and offset, pertain to the Installment Contract, which is the basis for Defendant's counterclaims and third-party claims.  In response, Plaintiff argues the two actions do not involve the same transaction or occurrence.  Plaintiff contends the federal complaint involves the factual issue of whether or not Defendant made harassing telephone calls to Plaintiff and his co-workers at his place of employment, and the counterclaims involve the validity of the underlying debt.  The Court is inclined to agree.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States" and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Where a federal court lacks original jurisdiction over a case or controversy the court may nonetheless have jurisdiction over the matter pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.  The supplemental jurisdiction statute governs counterclaims not arising under federal law or invoking diversity jurisdiction.  28 U.S.C. § 1367, subdivision (a) provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Counterclaims are also governed by Rule 13 of the Federal of Rules of Civil Procedure, which categorizes counterclaims as either compulsory or permissive.  *See* Fed. R. Civ. P. 13.  A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a)(1)(A).  The phrase "transaction or occurrence" should be broadly construed, such that a claim and counterclaim needn't be precisely identical in order for the counterclaim to be compulsory.  *Eagle Precision Tech., Inc. v. Eaton Leonard Robolix*, Inc., 2005 WL 6453556 at *4 (S.D. Cal. Aug. 12, 2005).  The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory.  *See Montana v. Goldin*, 394 F.3d 1189, 1196 (9th Cir. 2005).  The logical relationship test requires the court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate

that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).  Failure to bring a compulsory counterclaim bars a later assertion of that claim. Fed. R. Civ. P. 13(a); *Sams v. Beech Aircraft*, 625 F.2d 273, 276 n. 4 (9th Cir. 1980).  Federal courts traditionally have supplemental jurisdiction over compulsory counterclaims because a plaintiff would otherwise lose the opportunity to be heard on that claim. *See Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n. 1 (1974).

Although the Ninth Circuit has not specifically addressed "whether a counterclaim for the underlying debt in an FDCPA action is compulsory or permissive, most, if not all of the district courts within the Ninth Circuit . . . have determined that such a counterclaim is permissive." *Marlin v. Chase Cardmember Servs.*, 2009 WL 1405196, * 3 (E.D. Cal. May 19, 2009).  *See, e.g., Randall v. Nelson & Kennard*, No. CV–09–387–PHX–LOA, 2009 WL 2710141 at *4 (D. Ariz. Aug. 25, 2009); *Avery v. First Resolution Mgmt. Corp.*, No. 06–1812–HA, 2007 WL 1560653 (D.Or. May 25, 2007), *aff'd* 561 F.3d 998 (9th Cir. 2009); *Barcena v. Tam Fin. Corp.*, EP07–CA–0020–KC, 2007 WL 1452587 (W.D. Tex. May 8, 2007); *Sparrow v. Mazda Am. Credit*, 385 F. Supp.2d 1063, 1069 (E.D. Cal. 2005); *Campos v. W. Dental Servs., Inc*., 404 F. Supp.2d 1164, 1168–69 (N.D. Cal. 2005). The reasoning behind this was best stated by the Eighth Circuit in *Peterson v. United Accounts, Inc*., wherein the court held that:

> While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.

638 F.2d at 1137.

Based on this persuasive reasoning, the Court finds Defendant's counterclaims and third-party claims are permissive rather than compulsory.  As such, whether or not Plaintiff's suit under the FDCPA is subject to Defendant's affirmative defenses, such as unclean hands and offset, does not require either party prove the existence of the Installment Contract, nor the validity of the underlying debt.  *See also* 15 U.S.C. § 1692; *Wilson v. Discover Bank*, No. 12-CV-5209-RBL, 2012 WL 1899539 *2 (W.D. Wash. May 24, 2012) (acknowledging that the FDCPA does not require proof that the underlying debt is valid).

Accordingly, the Court finds Defendant's counterclaims and third-party claims are permissive rather than compulsory.

## II.     Supplemental Jurisdiction Over Defendant's Permissive Claims

Since Defendant's counterclaims and third-party claims are permissive, the Court must determine whether supplemental jurisdiction exists over the claims. Permissive counterclaims encompass "any claim that is not compulsory" or does not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). Permissive counter-claims require an independent basis for subject matter jurisdiction. *See Otsuka v. Polo Ralph Lauren Corp.*, 2008 WL 2037621 * 3 (N.D. Cal. May 12, 2008) (citing *Iglesias v. Mutual Life Ins. Co. of N.Y.*, 156 F.3d 237, 241 (1st Cir. 1998)): *Sparrow,* 385 F. Supp.2d at 1070 (citing *Unique Concepts. Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir. 1991)). Nevertheless, when there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over such claims if they are "so related to the claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Here, both claims are related to a single debt allegedly owed by Plaintiff to Defendant. Based on this reasoning, numerous courts in the Ninth Circuit have held that supplemental jurisdiction exists over a defendant's counterclaim related to the debt underlying a plaintiff's FDCPA claim. *See, e.g., Marlin*, 2009 WL 1405196; *Campos v. W. Dental Servs., Inc*., 404 F. Supp.2d 1164, 1169 (N.D. Cal. 2005); *Sparrow*, 385 F. Supp.2d at 1070 ("[b]ecause Defendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they are related to a single debt incurred by Plaintiff, supplemen-tal jurisdiction exists over Defendant's counterclaims under § 1367(a)"). Moreover, the Court rejects Plaintiff's argument that the Court should dismiss Defendant's counterclaim and third-party claims because there is no independent basis for federal jurisdiction. The Court has supplemental jurisdiction over Defendant's claims. *Campos*, F. Supp.2d at 1169 ("there will be some permissive counterclaims over which the court has supplemental jurisdiction and some it does not. The reason is that the standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory.") (citing Fed. R. Civ.P. 13(a) and 28 U.S.C. § 1367(a)). Accordingly, supplemental jurisdiction exists over Defendant's counterclaims and third-party claims.

### III.     Discretion to Decline Supplemental Jurisdiction

Even if supplemental jurisdiction exists, the court may decline to exercise supplemental jurisdiction over a counterclaim or third-party claim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c). In addition to the factors contained in § 1367(c), the Supreme Court has identified "a host of factors" a district court should consider when deciding whether to exercise supplemental jurisdiction, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

The applicable subsection here is § 1367(c)(4). As many district courts in the Ninth Circuit have noted, because the major purpose of the FDCPA is to protect individuals from unfair debt collection practices—regardless of whether the plaintiff actually owes the debt—exercising supplemental jurisdiction over counterclaims brought by debt collector defendants, based on the underlying debt, might have a chilling effect on plaintiffs who otherwise might and should bring suits under the FDCPA. *See e.g., Randall v. Nelson & Lennard*, 2009 WL 2710141 *6 (D. Ariz. Aug. 26, 2009) (declining to exercise supplemental jurisdiction even though the amount of plaintiff's debt was relatively small ($4,124.00), and as the defendant correctly pointed out, hearing the additional claims would promote judicial economy, efficiency, and fairness). Moreover, exercising supplemental jurisdiction over Defendant's claims would involve this Court in questions of no federal significance. Thus, given the remedial nature of the FDCPA, the broad public policy the FDCPA serves, and the fact that federal courts are courts of limited jurisdiction, federal courts should be weary to become immersed in state law debt collection and breach of contract actions. *See Sparrow*, 385 F. Supp.2d at 1071. Finally, accepting jurisdiction over Defendant's claim will increase both the complexity and length of time necessary to resolve Plaintiff's FDCPA claim. Although Defendant's counterclaim and third-party claim is not novel—a breach of contract cause of action—involving this Court in state law claims/disputes stretches the Court's already limited resources. *Leatherwood v. Universal Business Service Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987).

Finally, Defendant argues that declining jurisdiction over the counterclaims and third-party claims would be inefficient and raises the risk of potential inconsistent judgments. These arguments are without merit. Plaintiff's FDCPA claims are distinct from the counterclaims and third-party claims, both in terms of the issues presented and the evidence required. Moreover, the *Campos* court rejected identical arguments when it declined to exercise supplemental jurisdiction over a counterclaim for the underlying debt in an FDCPA action. *Campos*, 404 F. Supp.2d at 1170. Accordingly, the Court finds strong public policy reasons exist to prevent the exercise of supplemental jurisdiction over Defendant's counterclaims and third-party claims.

## *CONCLUSION*

For the reasons stated above, Defendant's motion for leave to file a counterclaim/third-party claim is **DENIED**. Defendant's counterclaims and third-party claims are hereby dismissed without prejudice.

IT IS SO ORDERED.

DATED: January 2, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge